In re ELKINS ENERGY CORPORATION, Debtor.

ELKINS ENERGY CORPORATION, Debtor,

v.

CENTRAL SUPPLY COMPANY OF VIRGINIA, INC., Creditor.

Bankruptcy No. 79–00063–B.

United States Bankruptcy Court, W. D. Virginia, Big Stone Gap Division.

May 12, 1982.

Robert T. Copeland, Abingdon, Va., and James E. Nunley, Bristol, Va., for debtor.

Dennis W. Heileman, Tazewell, Va., for Central Supply.

## OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court is whether to allow a creditor's claim based on an unsecured promissory note.

The debtor, Elkins Energy Corporation (Elkins), is engaged in coal mining and related operations. For a number of years, Elkins purchased mining supplies from the creditor in this proceeding, Central Supply Company of Virginia, Inc. (Central Supply), on open account. In September, 1978, Elkins executed a promissory note (the September note) payable to Central Supply in the amount of $545,000.00, the balance due on open account. The evidence showed that the open account balance underlying the September note included amounts due Central Supply from several mining locations known as Elkins mines, as well as other mining operations, *viz.* Rhonda Lou Coal Company, Panther Coal Company, and others. The September note was signed on its face by Charles C. Elkins, President of Elkins, attested by Cossie Elkins, Secretary of Elkins. In addition, the signatures of Charles C. and Hursel H. Elkins were on the face of the note with no designation of corporate capacity of either. The promise in the note was made by "ELKINS ENERGY CORPORATION, a corporation, by its President and Secretary; and CHARLES C. ELKINS and HURSEL H. ELKINS, jointly and severally ...". Hursel H. Elkins was vice president of Elkins during 1978 and 1979.

Because of cash flow problems in early 1979, Elkins defaulted on its September note to Central Supply. After some discussion, the parties to the note agreed to renegotiate their arrangement to reduce the monthly payment due from Elkins to Central Supply and extend the term of the note. Consequently, in March, 1979, the parties signed a second promissory note (the March note) in the amount of $373,389.21, the balance remaining on the September note. The March note was identical to the September note except for the differences in the monthly payment and the term of the note. The same individuals signed the March note in the same way.

In August, 1979, Elkins filed its petition for relief under Chapter XI of the Bankruptcy Act of 1898, formerly codified at 11 U.S.C. § 701 et seq., Central Supply filed a claim in the case for $358,885.14, the amount due and owing on the March note as of the date of filing of the petition. On February 3, 1981, Elkins filed an objection to the Central Supply claim. Elkins admitted in pleadings that it owed Central Supply $205,000.00, and Summary Judgment for that amount was entered in favor of Central Supply on August 27, 1981. The Court subsequently heard evidence on the validity of the remainder of the claim.

Elkins alleges that the March note is a renewal or continuation of the September note, and that any defenses Elkins may have to the September note are equally applicable to the March note. Elkins further alleges that its defense to the promissory note is failure of consideration. Elkins asserts that under the Virginia Uniform Commercial Code (UCC), Central Supply, as one other than a holder in due course, takes the note subject to the defense of want or failure of consideration. Central Supply responds that it is suing only on the March

note, and that there was no failure of consideration on the March note. In any event, Central Supply contends that under § 8.3–408 of the Virginia UCC, no consideration is necessary for an instrument given in payment of or as security for an antecedent obligation of any kind.

■ In general, if a creditor accepts a note in renewal of rather than in payment for a prior note, the creditor may bring an action on either instrument upon nonpayment at maturity. *See* 11 Am.Jur.2d *Bills & Notes* § 307 (1963). An extension agreement that changes the time and manner of payment is not a renewal note, it is a new contract between the parties consisting of the note and extension agreement together. *Id.* § 297. In this proceeding, the parties did not execute a note and an extension agreement. Rather, the parties executed a note in September, and a different, discrete note in March with different terms and conditions. The March note was not a renewal or extension of the September note, it was a new note, the consideration for which was the antecedent debt in default under the September note.

■ The defense of failure of consideration is waived by the parties entering into a new contract, or by extension or renewal of a note with actual or constructive knowledge that the consideration has failed. *Id.* § 661. The rule applies equally to a defense of partial failure of consideration, and has been applied to the defense of absence or want of consideration. *Id.* There appears to be no Virginia case deciding the issue in this proceeding. In a great many cases, however, courts have held that renewal of an instrument precludes defenses of which the maker had knowledge at the time of the renewal. *Id.* § 391. Accordingly, a defense to an original note of want of consideration would be unavailable to the maker of a succeeding note made in satisfaction of the original obligation, if the maker had knowledge of the defense at the time of execution of the succeeding note. Whether on a ground of estoppel or waiver, the maker cannot raise a defense to a note that has been satisfied by his own action.

In this case, Elkins is barred from raising the defense to the March note of want or failure of consideration, or partial failure of consideration, inasmuch as the March note was given in satisfaction of the entire balance due on the September note.

■ In their briefs, the parties to this proceeding concentrated on the question of whether Central Supply was a holder in due course of the March note. Relying on § 8.3–306 of the UCC, Elkins asserts that Central Supply is *not* a holder in due course of the note, and that Central Supply thus takes that note subject to the defenses of want or failure of consideration. *See* Va. Code § 8.3–302(1)(c). Under § 8.3–302, a payee may be a holder in due course provided that the requirements for holder in due course status are met by the payee. *Id.* § 8.3–302(2); *see National Bank of Suffolk v. American Bank & Tr.*, 163 Va. 710, 712–13, 177 S.E. 229 (1934). In other words, if a payee takes an instrument for value, in good faith, and without notice of any defense or claim, then that payee may be a holder in due course. *See* Va.Code § 8.3–302(1). An instrument taken in payment of or as security for an antecedent claim is taken for value. *Id.* § 8.3–303(b), *see American Bank of Orange v. McComb*, 105 Va. 473, 475–76, 54 S.E. 14 (1906).

■ In this proceeding, the evidence showed that Central Supply met the requirements for holder in due course status. A holder in due course takes an instrument free of most defenses that could be raised by the maker. *See* Bender's U.C.C. Serv. *Commercial Paper* § 11.01. If the holder in due course has dealt with the maker, however, then the maker's defenses to the instrument are *not* cut off. Thus, the maker of a note may raise any defense that would be a defense to the contract between the parties. *Id.* § 12.06[2].

Elkins' defense is one of partial want or failure of consideration on the note. The burden of establishing that defense is on Elkins. *See* Va.Code § 8.3–307(2). In this proceeding, the evidence showed that Elkins knew, both at the time of the September

note and at the time of the March note here in issue, what comprised the underlying obligation. At no time until well after the filing of its petition in this Court did Elkins protest the acceptance of the entire obligation. In any event, under § 8.3–408, consideration is not necessary to the validity of an instrument given in payment of or as security for an "antecedent obligation of any kind." Va.Code § 8.3–408. Thus, Elkins cannot successfully claim even partial failure of consideration in this transaction.

For the foregoing reasons, it is

### ORDERED

that the claim of Central Supply be and hereby is allowed in full as filed.